UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 19-10439-IT

UNITED STATES OF AMERICA

v.

WILLI ALEXIS PEREZ BAEZ

### ORDER ON DEFENDANT'S MOTION FOR RELEASE

April 17, 2020

Boal, M.J.

Defendant Willi Alexis Perez Baez is charged in an indictment with conspiracy to distribute and to possess with intent to distribute fentanyl in violation of 21 U.S.C. § 846 and distribution of and possession with intent to distribute 40 grams or more of fentanyl in violation of 21 U.S.C. § 841(a)(1).  An initial appearance was held on November 15, 2019, at which time the government moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(C) (defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act) and (f)(2)(A) (risk of flight).  At that time, the defendant consented to voluntary detention without prejudice.

On April 6, 2020, Perez Baez filed a motion for release from custody due to the ongoing COVID-19 public health crisis.  Docket No. 56.  Because this Court had previously issued an order of voluntary detention without prejudice, it construed the motion as a motion for a detention hearing and scheduled a detention hearing.  Docket No. 57.  A detention hearing was held via videoconference on April 13, 2020.  By agreement, the parties proceeded by proffer and the government introduced three exhibits into evidence.  I also considered the defendant's memorandum in support of release (Docket No. 60) and the government's response (Docket No.

1

61). On April 15, 2020, I ordered the defendant to file medical records under seal in support of his claim for release, which he did on April 16, 2020.[1] Docket No. 64. On April 17, 2020, the government filed a response to the defendant's medical records. Docket No. 65. On April 20, 2020, the defendant filed a reply. Docket No. 66. After careful consideration of the evidence, the parties' arguments, and a Pretrial Services Report recommending detention, I order the defendant detained pending trial.

I.  **ANALYSIS**

    A.  **The Bail Reform Act**

Under the Bail Reform Act, a defendant may only be detained pending trial if the government establishes either by clear and convincing evidence that the person poses a danger to the safety of any other person or the community if released, or by a preponderance of the evidence that the person poses a serious risk of flight. 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791-93 (1st Cir. 1991). If there is some risk, the Court should consider whether a combination of release conditions "will serve as a reasonable guard." Id. at 791.

In determining whether suitable release conditions exist, the judicial officer must take into account the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the accused, including family ties, employment and other factors; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g). Each of these factors must be weighed, and the decision on whether to release is an individualized one. Patriarca, 948 F.2d at 794.

---

[1] The government does not appear to dispute that the records pertain to Perez Baez.

The government bears the burden of persuasion to establish that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991). Where, as here, there is probable cause to believe that the defendant committed a controlled substance offense with a maximum term of imprisonment of ten years or more, a "rebuttable presumption" of danger and flight arises. 18 U.S.C. § 3142(e). The presumption imposes a burden of production on the defendant to come forward with "some evidence" to demonstrate that he is not a danger to the community or a flight risk. United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985), abrogated on other grounds by United States v. O'Brien, 895 F.2d 810 (1st Cir. 1990). Without credible evidence to rebut the presumption, the presumption alone may justify detention. United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985). Notwithstanding this rebuttable presumption, the burden of persuasion always remains with the government. Jessup, 757 F.2d at 381.

      **B.**      **Nature Of The Offense**

The government alleges that Perez Baez sold 50 grams of fentanyl to a cooperating witness on June 7, 2018. On November 14, 2019, agents arrested Perez Baez as he attempted to flee 17 Avila Road in Boston, where, pursuant to a search warrant, agents recovered additional fentanyl, two firearms, ammunition, and drug paraphernalia.

      **C.**      **Defendant's History And Characteristics**

Perez Baez, age 33, was born and raised in the Dominican Republic. He completed one year of high school in the Dominican Republic and does not have a high school diploma or GED. He reports that he has worked as a mechanic at various auto body and repair shops since 2013.

His criminal history shows two arrests, one for a drug offense and one for a motor vehicle violation.

Perez Baez has reported a history of asthma. The medical records provided to the Court show one emergency room hospital visit on February 1, 2015, and six subsequent doctor's office or urgent care center visits on November 13, 2015, March 15, 2016, July 14, 2016, August 10, 2016, November 28, 2017, and January 8, 2018. At each visit he was treated for mild intermittent asthma with acute exacerbation. The government appears to suggest that the defendant's visits were prompted by his non-compliance with the treatment for his asthma. See Docket No. 65 at 2 ("Several of the doctor's visits appeared to be prompted by the defendant's failure to take his medication or refill his prescriptions."). The records do note that, on several occasions, Perez Baez reported having run out of his prescribed medications for asthma. However, it is not clear whether the defendant was intentionally or negligently non-compliant with his treatment or whether other factors were at play, such as lack of financial resources and/or access to medical care. It is not possible for this Court to resolve that issue based on the evidence of record.

**D.    Risk Of Flight**

Perez Baez first entered the United States in November 2008 and was removed shortly thereafter. He reentered the United States in 2013 and has lived in Massachusetts since that time. ICE has lodged a detainer against the defendant.

With the exception of five months between 2017 and 2018, Perez Baez has been living with his significant other, her 9-year old daughter from a prior relationship, and the couple's 3-year old daughter in South Boston since December 2014. Perez Baez has three other children from prior relationships. His oldest child lives in the Dominican Republic with his mother. His

two other children live with their mother in Boston. Perez Baez's parents and four siblings all live in the Dominican Republic.

Perez Baez has obtained false licenses from Massachusetts and Pennsylvania. Should he be convicted in this case, Perez Baez faces a 5-year mandatory minimum sentence. According to the government's preliminary calculations, the guideline sentencing range is 12-15 years if he is convicted at trial and 9-11 years if he pleads guilty.

### E. Dangerousness

The instant charge against Perez Baez is one of narcotics trafficking, which is encompassed within Congress' definition of danger to the community. United States v. Leon, 766 F.2d 77, 81 (2d Cir. 1985).

### F. Assessment Of All Factors

Citing the ongoing COVID-19 pandemic, Perez Baez argues that his asthma puts him at high risk for complications and he should therefore be released. However, in light of the nature of the present charges, particularly the amount of drugs involved, the potentially lengthy sentence, and the presumption applicable to this case, as well as Perez Baez's immigration status and his use of false identifications, I find that the government has met its burden to show that that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

While this Court is mindful of the dangers posed by the COVID-19 public health crisis in custodial settings, Perez Baez has not shown that it warrants his release at this time. The CDC has identified individuals with "moderate to severe asthma" as those who may be at higher risk of getting seriously ill from COVID-19. See https://cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html (last accessed April 17, 2020). As the medical records show, Perez

Baez has "mild intermittent asthma" with acute exacerbation. He has provided no evidence that his condition meets the CDC guidance. Therefore, he has not shown that he is at high risk for severe illness were he to contract COVID-19. Accordingly, I order him detained pending trial.

### **ORDER OF DETENTION**

In accordance with this memorandum, it is ORDERED that the defendant be DETAINED pending trial, and is further ORDERED that:

(1) Willi Alexis Perez Baez be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Willi Alexis Perez Baez be afforded reasonable opportunity for private consultation with counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Willi Alexis Perez Baez is detained and confined deliver him to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

### RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

   /s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge